IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER NATHANUEL EL-BEY WASHINGTON, ) ) ) Plaintiff, ) ) vs. ) ) ELLAOISE WASHINGTON, *et al.*,, ) ) Defendants. ) ) | Case No. 14-1215-EMF-KGG |

**ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT
OF FEES, MOTION TO APPOINT COUNSEL
AND ORDER TO SHOW CAUSE**

In conjunction with his federal court Complaint, Plaintiff Christopher Nathanuel El-Bay Washington filed a determination by a California Superior Court to allow him to waive court fees. (Doc. 3.) The Court presumed Plaintiff intended that filing to serve as a request that the District of Kansas also waive its court fees. The request was originally denied, without prejudice, because it was not in the proper form for the District of Kansas and therefore did not include the information required by this Court to make a proper determination. (Doc. 4.) Plaintiff has now filed a proper Motion to Proceed Without Prepayment of Fees with an accompanying Affidavit of Financial Status (*IFP* Application, Doc. 5, sealed). Attached to that motion are 74 pages of documents constituting an Amended

Complaint. Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 6.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1) and Amended Complaint (Doc. 5-1), the Court **GRANTS** Plaintiff's *IFP* application (Doc. 5, sealed), but **DENIES** Plaintiff's request for counsel (Doc. 6) for the reasons set forth below. The Court also **ORDERS** Plaintiff to **SHOW CAUSE** why the Court should not recommend to the District Court that his claims be dismissed.

I.  **Motion to Proceed** *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan.

July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 51 years old and divorced with no dependant children. (Doc. 5, sealed, at 2-3.) Plaintiff states that he has been incarcerated for the past 14 years, is indigent, and lists no prior employment. (*Id*., at 2-4.) As such, he lists no monthly expenses, income, or money on hand. (*Id*., at 5-6.) Plaintiff indicates that his ex-wife owns a home, but it does not appear to be titled in his name as well. (*Id*., at 4.) He has not filed for bankruptcy. (*Id*., at 7.)

Considering all of the information contained in the financial affidavit, Plaintiff has established that his access to the Courts would otherwise be seriously impaired if he is not granted *IFP* status. The Court therefore **GRANTS** Plaintiff's motion for *IFP*.

## II. Motion to Appoint Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

In considering the first *Castner* factor, by granting Plaintiff's *IFP* motion, the prior Magistrate already determined that Plaintiff has a limited ability to afford counsel.  (*Supra*.)  As for the third *Castner* factor, however, this Court finds that Plaintiff has not entirely engaged in a diligent search for counsel.  (*See* Doc. 3.) The form motion specifically enumerates spaces for Plaintiff to identify six attorneys he has contacted about representation and Plaintiff has only contacted one.  The Court is, however, mindful of Plaintiff's limited access to communication while he is incarcerated.  Rather than instruct Plaintiff to contact additional counsel, the Court will continue its analysis, which will turn on the remaining two *Castner* factors – Plaintiff's capacity to represent himself and the merits of his claims.  979 F.2d at 1420-21.

In considering Plaintiff's ability to represent himself, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this breach of contract case, to the extent it is able to decipher them from Plaintiff's Complaint, are not unusually complex. *Cf.* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals and inmates who represent themselves *pro se* in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel. Plaintiff's motion for counsel (Doc. 3) is **DENIED** on this basis.

### III.   Sufficiency of Complaint and Order to Show Cause.

The Court also has concerns regarding the remaining *Castner* factor – the merits of Plaintiff's claim. When a plaintiff is proceeding *in forma pauperis*, a

5

court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* **Rowe v. Shake,** 196 F.3d 778, 783 (7th Cir. 1999); **McGore v. Wigglesworth,** 114 F.3d 601, 608 (6th Cir. 1997).

of the plaintiff.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).  This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.

   A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)).  "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face."  *Fisher*, 531 F. Supp.2d

at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

With these standards in mind, the Court orders Plaintiff to amend his Complaint and show cause as to why this Court should not recommend his Complaint be dismissed for failure to state a claim upon which relief may be

granted.  Plaintiff indicates he is bringing claims, including breach of contract, against his ex-wife and another individual.  (*See* Docs. 1, 5-1.)  Plaintiff has not, however, alleged in his Complaint (Doc. 1) or Amended Complaint (Doc. 5-1) sufficient facts to allow the Court to determine the basis of the alleged contract and to determine how Plaintiff alleges it was breached.  Plaintiff, therefore, shall have **30 (thirty) days** from the date of this Order to amend his Complaint and show cause as to why this Court should not recommend that the District Court dismiss his Complaint for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 5, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, within **30 (thirty) days** from the date of this Order, amend his Complaint in order to show cause as to why this Court should not recommend that the District Court dismiss his Complaint for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that a copy of this Order shall be sent to Plaintiff *via* certified mail.  Plaintiff's failure to show cause within the time frame

set forth above will result in the undersigned Magistrate Judge recommending dismissal of Plaintiff's claims to the District Court.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of August, 2014.

                                          S/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge